UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IANA RODIONOVA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QATAR AIRWAYS GROUP (Q.C.S.C.), et al.,<br><br>　　　　Defendants. | Case No. 25-cv-02871-DMR<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION**<br><br>Re: Dkt. No. 20 |

　　Self-represented Plaintiff Iana Rodionova filed a motion to disqualify the undersigned pursuant to 28 U.S.C. 455. [Docket No. 20 (Mot.).] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

　　Plaintiff filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP") on March 27, 2025. [Docket Nos. 1, 2.] The court denied the IFP application on May 20, 2025. [Docket No. 8.] On June 2, 2025, Plaintiff filed a motion to recover service costs and a motion to reconsider the order denying the IFP application. [Docket Nos. 10, 11.] On June 3, 2025, the court denied both motions. [Docket No. 13.] Plaintiff now moves to disqualify the undersigned "for cause for violation of Rules of Court, Code of Judicial Ethics, improper conduct, prejudgment and bias against Plaintiff." Mot. 1.

　　Section 455 requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," or where the judge "has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a), (b)(1). Plaintiff complains that the court refused to issue summons, and that "Plaintiff was denied to serve Defendant from day one of filing case." Mot. 2. A motion to recuse or disqualify must allege an extrajudicial basis for the alleged bias or prejudice. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district

1  judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to
2  another judge because the alleged bias or prejudice did not arise from an extrajudicial source).  It
3  is well-established that actions taken by a judge during the normal course of proceedings are not
4  proper grounds for disqualification.  *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir.
5  1999).  The court denied Plaintiff's IFP application, and Plaintiff has not paid the required filing
6  fee.  The court has no duty to issue summons in these circumstances.  *See* 28 U.S. Code § 1914.
7  The court's refusal to issue summons is not grounds for disqualification.

   Plaintiff also complains that her IFP applications were not filed under seal.  Mot. 2-3.
Civil Local Rule 79-5(b) explains: "A party must file a motion to seal a document at the same time
that the party submits the document.  Filing a motion to seal permits the party to provisionally file
the document under seal, pending the Court's ruling on the motion to seal."  Plaintiff's initial IFP
application was not filed under seal, and Plaintiff did not move to file it under seal.  [Docket No.
2.]  Plaintiff's motion for reconsideration is the first time she indicated on the record a desire to
file anything under seal.  [Docket No. 11.]  However, she did this by handwriting "Confidential"
on the first page of her motion for reconsideration and the first page of her amended IFP
application, and by including this unsupported sentence in the text of her motion for
reconsideration: "Court must seal Applications IFP."  *Id.*  The court did not interpret this sentence
as a motion to file Docket Nos. 2 and 11 under seal.  Plaintiff identifies no extrajudicial basis for
any alleged bias.  The court finds that its failure to construe Plaintiff's sentence as a motion to seal
is not a reasonable basis to question the court's impartiality.

   In deference to Plaintiff's pro se status, the court liberally interprets Plaintiff's current
motion to disqualify as a belated motion to file her IFP applications under seal.  The court denies
her sealing motion.  Plaintiff argues that IFP applications are per se "confidential under California
Rules of court, Rule 3.50-3.63."  Mot. 1-2.  These rules apply only to California state court, not
the federal court.  Plaintiff offers no other reason why her applications should be sealed, and the
court identifies no basis to seal them that is obvious from the face of the applications.

//

//

Plaintiff's motion to disqualify the undersigned is denied. Plaintiff's motion to seal her IFP applications is denied.

**IT IS SO ORDERED.**

Dated: June 16, 2025

DONNA M. RYU
Chief Magistrate Judge

3